### John Burlingame *vs.* John W. F. Hobbs & another

A bill in equity alleged that the plaintiff conveyed land to the defendant by an absolute deed, and took back a defeasance by which it was to stand as security for advances by the defendant to the plaintiff's brother, and the defendant afterwards sold the land and took back a note and mortgage for the purchase money; and prayed for an account, and that, upon payment of the amount due to the defendant, the note and mortgage might be transferred to the plaintiff. *Held*, that the suit need not be brought in the county where the land was; that the plaintiff was entitled to relief in equity, although the defendant had not actually received any money for the land; and that the plaintiff's brother need not be made a party to the bill.

BILL IN EQUITY, alleging that on the 15th of September 1852 the plaintiff, being seised in fee of a parcel of land in Roxbury in the county of Norfolk, subject to a mortgage to Charles Heath, under which Heath had entered for the purpose of fore-

closure, conveyed the land to the defendants by a deed, absolute on its face and purporting to convey a title in fee simple, but in fact made to secure them for any loans and advances which they might make to Benjamin Burlingame, the plaintiff's brother; that the defendants simultaneously gave back a deed, wherein they recited that said conveyance was made to them as security as aforesaid, and covenanted to reconvey the land to the plaintiff, on being paid the loans and advances which they might make to Benjamin Burlingame, and also whatever sum they might pay to redeem the land from the first mortgage; that Heath remained in possession of the land until about the time when the mortgage would be foreclosed; that the defendants were bound, as trustees or mortgagees, acting for the benefit of all parties, to redeem the land, and undertook and promised the plaintiff so to do, and did afterwards pay to Heath the whole amount remaining due on his mortgage, being about $600, and took from Heath a release of his interest in the land, dated November 20th 1854, just one day after the three years had expired from the time of Heath's entry to foreclose.

The bill then alleged that the defendants paid Heath's mortgage by virtue of the covenant above mentioned and of their duty as trustees or mortgagees, and of their agreement with the plaintiff; and that by said payment, and by the release of Heath's interest in the land, they acquired no other or further title, excepting the right to be repaid the amount so paid by them, and interest, before reconveying the land to the plaintiff; that the defendants held possession of the land for two years after redeeming it from Heath's mortgage ; and on the 12th of November 1856 sold it by an absolute deed in fee simple and with warranty to Moses M. Taylor, for the sum of $3000, and took in payment for the entire sum the notes of Taylor, secured by a mortgage of the land; that Taylor entered into possession of the land, and had expended large sums of money in improvements thereon ; and that said notes and mortgage were now a good and valid security for the entire sum of $3000 and interest.

The bill further alleged that that sum far exceeded the amount

for which the defendants held the land as security; that the plaintiff had frequently applied to them to come to an account of the proceeds of sale of the land and of the amount due to them for their advances and loans to Benjamin Burlingame, secured by said conveyance, and of the amount paid by them to Heath to redeem his mortgage; and after deducting the total so found to be due, both principal and interest, to pay over to the plaintiff the balance of the purchase money; and that the plaintiff had also offered to pay them the amount that should be so found due to them, if they would thereupon transfer to him the notes and mortgage taken by them for the purchase of the land; yet the defendants neglected and evaded the just demands of the plaintiff.

The bill prayed for a discovery not under oath; for an account, for a decree that, on payment of the amount found due to the defendants, the notes and mortgage of Taylor might be assigned to the plaintiff; and for further relief.

The defendants demurred to the bill, 1st. Because the bill was for the redemption of a mortgage, and should have been brought in Norfolk county, where the land lay; 2d. Because the plaintiff had an adequate remedy at law; 3d. Because he did not make a case entitling him to the discovery or relief prayed for; 4th. Because Benjamin Burlingame was not made a party to the bill.

*T. S. Harlow,* for the defendants, cited, to the first ground of demurrer, Rev. Sts. *c.* 107, § 21; to the third, *Montague* v. *Lobdell,* 11 Cush. 111; and to the fourth, *Montague* v. *Lobdell,* just cited, and *Hobart* v. *Andrews,* 21 Pick. 526.

*J. Lowell,* for the plaintiff, cited, to the first ground, *Sumner* v. *Finegan,* 15 Mass. 280; *Pitman* v. *Flint,* 10 Pick. 504; and to the second and third, *Hobart* v. *Andrews,* 21 Pick. 526; *Wright* v. *Dame,* 22 Pick. 55; *Raynham Congregational Society* v *Trustees of Fund in Raynham,* 23 Pick. 148; *Safford* v. *Rantoul,* 12 Pick. 233; *Post* v. *Kimberly,* 9 Johns. 470; Rev. Sts. *c.* 118, § 43; *Wright* v. *Rose,* 2 Sim. & Stu. 323.

MERRICK, J. None of the objections to the maintenance of this suit which are urged in support of the demurrer are suffi-

cient. They relate severally to the supposed want of jurisdiction in the court to take cognizance of the bill, the cause of action set forth in it, and the alleged omission to include all those who ought to have been made parties to it.

1. It is true that by the provisions of our statute a bill to redeem real estate from an outstanding mortgage must be commenced and prosecuted in the county within which the premises are situate. If therefore such were the object of the present proceeding. it would be perfectly plain that the court here could not take jurisdiction of the bill, since it is apparent upon its face that it is made returnable in the county of Suffolk, while the land named in it is described as being within the county of Norfolk. But this is not the object of the bill, nor is any such remedy sought for by it. On the contrary, it distinctly appears from the plaintiff's allegations that he does not consider himself entitled to redeem his estate from any mortgage held by the defendants, or that they are now in a situation to be called on by him for any such purpose. He sets forth that, having themselves acquired a full and complete legal title to the premises by taking a deed from a person whom as a mortgagee, they had, in violation of their duty and obligations, suffered and allowed to foreclose all right of redemption, they afterwards conveyed the estate to a third party, who was a purchaser thereof from them for a valuable and adequate consideration. Instead of attempting to redeem his estate from a subsisting incumbrance, and thus to repossess himself of it, the plaintiff admits the validity of the conveyance made by the defendants, and proceeds against them for another and wholly different purpose. He is not therefore compelled, by force of the provisions of the statute referred to, to prosecute his suit in the same county within which the estate is situate.

2. The real cause of action upon which the plaintiff relies is an alleged breach of trust. It is averred that the defendants held all his interest in the described premises by virtue of a conveyance made by him for certain definite and specified purposes, namely, for the protection of the estate from an outstanding mortgage, and for their own indemnity for moneys advanced,

and against loss on account of engagements entered into by them for the benefit and at the request of Benjamin Burlin game ; and that their acceptance of the conveyance for these purposes created a trust which they were bound to execute with fidelity. The bill proceeds to charge them with a breach of trust, a failure to perform their contract, and neglect of duty ; calls upon them for a rendition of accounts, and concludes by asking in general terms for the relief to which in equity the plaintiff is entitled. It then asserts that they were the legal owners of the estate, but that he had an equitable interest in it which they were bound to preserve, and for the unjust disposition of which they are responsible. 1 Story on Eq. § 964. It is certainly true, as was suggested at the argument, that he might, if he had chosen to seek for a remedy in that direction, have maintained an action at law for a recovery of damages upon the covenants in the contract between the parties ; but he was not limited or confined to that course of proceeding. And because it would not be to him an adequate and complete remedy, as, for instance, in the absence of any power to enforce in an action at law a call for the rendition of an account, he is entitled to all the relief which can be afforded by a court of equity.

3. It is objected by the defendants still further, that the bill contains no averment that they have received any money for the land, or any consideration upon the sale of it, except the promissory note of the purchaser, secured by mortgage, and therefore that the suit is prematurely brought. But if they had no authority to make any sale of the estate upon credit, they must, upon well settled principles, be immediately accountable in money to the *cestui que trust* for the proceeds, or for its value thus ascertained. *Hemenway* v. *Hemenway*, 5 Pick. 389. 1 Parsons on Con. 50 & note. Besides ; it is alleged that instead of protecting the estate against the claims of a mortgagor who had a prior right, they unjustly suffered him to foreclose the right in equity to redeem, and thereafterwards took a full title to the estate in themselves, and then proceeded to treat and dispose of it as their own. Standing to the plaintiff in the relation ‑

trustees, bound to exercise in the performance of their obligations the utmost good faith, this conduct of theirs in perfecting a complete title to the estate in themselves, and in the subsequent disposition of it for their own use, made them at once liable to account for it to the *cestui que trust*, and left him at liberty to decide whether he would retain it, if it continued in their possession or under their control, or take instead of it the consideration for which it was sold. *Litchfield* v. *Cudworth*, 15 Pick. 23. *Jennison* v. *Hapgood*, 7 Pick. 1. In this view of the allegations in the bill, it is obvious that it was not necessary further to aver, and will not upon the trial be material to prove, that the plaintiff had paid or offered to pay to the defendants the aggregate sum to which, if they had performed their duty and faithfully discharged their own obligations, they might have been entitled either for their advancements to the party who was to. be assisted, or for their indemnity against engagements on his account entered into in pursuance of their original contract. It is sufficient to state the general principle; the particulars in which it is applicable may be subjects of investigation in the further progress of the cause.

4. Benjamin Burlingame, for whose benefit the plaintiff pledged his estate to the defendants, has no interest whatever in the subject matter of the present suit. However it is determined, he will neither gain nor lose; nor will its determination have any effect upon any settlement made or to be made between him and either or both of the other parties. There is no reason therefore why he should be brought into or connected with the present suit. The several contracts and stipulations between these different individuals, though relating to the same transactions, were all independent of each other, and for this reason all are not to be joined or blended together, whenever in the prosecution of their respective claims some of them become involved in litigation. Story Eq. Pl. § 72.

*Demurrer overruled.*